UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COREY CHRIVIA,<br><br>Plaintiff,<br><br>v.<br><br>KATLIN REED, *et al*.,<br><br>Defendants. | Case No. 25-11174<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
(ECF NO.  52)**

## I.    Introduction and Background

Corey Chrivia, a prisoner proceeding pro se, sues seven Michigan Department of Corrections (MDOC) employees and an outside medical provider under 42 U.S.C. § 1983 and state law.  He asserts claims for excessive force, deliberate indifference to serious medical needs, and retaliation.  ECF No. 1.  The Honorable Denise Page Hood referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.  Chrivia moves to compel Defendants Brandon

1

Bartkowiak[1] and Bruce Hunter to provide more complete answers to his

interrogatories.  ECF No. 52.  He attaches as exhibits to his motion each of

the interrogatories along with defendants' objections and responses to

them.  ECF No. 52, PageID.324-337.  The Court **GRANTS** the motion,

which one exception described below.

## II.    Analysis

### A.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense," except that the Court must consider proportionality

factors, including "the importance of the issue at stake in the litigation, the

amount in controversy, the parties' relative access to information, the

parties' resources, the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs

its likely benefit."  Under Rule 26(b)(1), "[t]he parties and courts share

collective responsibility to consider the proportionality of all discovery and

consider it in resolving discovery disputes."  *Helena Agri-Enterprises, LLC*

---

[1] Chrivia spells this defendant's name "Bartkoviak" (ECF No. 1, PageID.1) but the defendant spells it "Bartkowiak" (ECF No. 55, PageID.351), so the Court uses that spelling.

*v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (cleaned up).

"The proponent of a motion to compel discovery bears the burden of

proving that the information sought is relevant." *Gruenbaum v. Werner*

*Enter.*, 270 F.R.D. 298, 302 (S.D. Ohio Oct. 7, 2010).

Federal Rule of Civil Procedure 33 allows a party to serve on any

other party "no more than 25 written interrogatories, including all discrete

subparts." Fed. R. Civ. P. 33(a)(1).  An interrogatory must be sufficiently

particularized so that the responding party does not have to speculate or

guess what is being asked. *Peterson v. Corby*, 347 F.R.D. 192, 195 (E.D.

Mich. June 27, 2024).  "The rules also require objections to interrogatories

and requests for production of documents to be made with specificity." *Id.*

(citing Fed. R. Civ. P. 33(b)(4) & 34(b)(2)).  So "[b]oilerplate objections are

legally meaningless and amount to a waiver of an objection." *Siser N. Am.,*

*Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018).

**B.**

In *Peterson*, the Court found that "[d]efense counsel's perfunctory

and frivolous treatment of Peterson's discovery requests evidence a

presumption that MDOC officials who are sued by pro se prisoners are

exempt from the normal rules of discovery." *Peterson*, 347 F.R.D. at 195.

3

The too-common presumption that MDOC officials need not follow the normal discovery rules is evident here.

First, defendants repeatedly objected to Chrivia's discovery requests because they were compound.  ECF No. 52, PageID.325, 328-330, 334-336.  An interrogatory is not fatally compound when "the subparts of an interrogatory are logically and factually related to the primary question." *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 516 (W.D. Ky. 2010). Defendants do not argue that Chrivia's interrogatories were fatally compound in their response; they do not mention that objection at all.  ECF No. 55.  And Chrivia's compound questions were logically and factually related.  For example, defendants objected to interrogatories asking, "Before the breach was there a safety/Riot shield on scene and if so explain why shield was not used for breach?"; "What is your position as a C/O and what are your dutys [sic]"?; "When you entered the cell of Plaintiff Cory Chrivia on August 27, 2024, was his face purple and he unresponsive due to a cloth ligature tied around his neck?" ECF No. 52, PageID.325, 328, 329, 334.

Defendants also made many objections that interrogatories "presuppose[d]" that they had personal knowledge.  ECF No. 52, PageID.325-326, 328-329, 334-337.  Defendants cite no authority in their

4

response showing that Chrivia had a burden to prove the limits to defendants' personal knowledge before posing an interrogatory; they do not mention that objection at all.  ECF No. 55.  And the Court finds no such burden under Rule 33.  Rather, by signing an interrogatory answer or objection under Rule 33(b)(5), defendants and their counsel must certify that they have answered "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry."  Fed. R. Civ. P. 26(g)(1).  Defendants did not answer to the best of their knowledge here.

Despite defendants' claim in their response that they answered Chrivia's interrogatories in good faith, their repeated objections based on alleged vagueness were meritless, sometimes alarmingly so.  They claimed that the term "de-escalation tactics" was vague and would require them to guess the meaning.  ECF No. 52, PageID.325, 328.  But a September 2024 MDOC press release states, "During the [MDOC's Recruit Training Academy], recruits learn the fundamentals of working as a corrections officer such as safety procedures, effective communication strategies, *de-escalation techniques*, department procedures, legal compliance, and more."[2] (Emphasis added).  Chrivia could not specify the de-escalation

---

[2] https://www.michigan.gov/corrections/press-releases/2024/09/17/mdoc-celebrates-graduation-of-181-new-corrections-officers-from-recruit-training-academy-classes (last visited on June 8, 2026).

techniques defendants are trained to employ because the MDOC's policies about the Use of Force and Managing Disruptive Prisoners are exempt from public disclosure.[3]  If defendants do not know what "de-escalation tactics" are, they should not be corrections officers.

Bartkowiak claimed that he would have to speculate about Chrivia's interrogatory about the substance of a "Critical Injury Report" because Chrivia did not identify the date or report number.  ECF No. 52, PageID.326.  Hunter made the same objection to an interrogatory referring to the "critical incident participant report."  *Id*., PageID.330.  But Chrivia's complaint addresses a single incident on a single date, August 27, 2024, and Bartkowiak signed the "Critical Incident Participant Report" about that incident.  *Id*., PageID.339.  Defendants did not have to speculate what Chrivia meant in those interrogatories.

In a later interrogatory directed to Bartkowiak, Chrivia provided the date for the "Critical Injury Report."  *Id*., PageID.335.  Bartkowiak then preposterously claimed that "Critical Injury Report," "you authored," "fail to mention," and "injury" were "vague and would require Defendant Bartkowiak to speculate as to their meaning."  *Id*.  And in an interrogatory

---

[3] *See* https://www.michigan.gov/corrections/public-information/statistics-and-reports/policy-directives (last visited June 8, 2026).

asking Bartkowiak whether Chrivia incurred an injury to his eye, Bartkowiak claimed that he would have to speculate about the meaning of "incur" and "injury." *Id*., PageID.335.  These vagueness objections are unacceptable.

Defendants repeated objections that interrogatories were compound or presupposed their personal knowledge, and their mischaracterizations of Chrivia's interrogatories as vague, were nothing more than evasions and thus "tantamount to no answer at all." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018).

Defendants also provided some answers "without waiving" their objections.  ECF No. 52, PageID.325-326, 328-329, 334, 337.  Under the circumstances here, the "without waiving" objections were improper because of the difficulty in construing the answers subject to an objection. "For instance, if a party objects to an interrogatory as vague, yet answers the interrogatory in full, it leaves open whether the responding party did not disclose all responsive information, or is reading the interrogatory in a limited way different from the drafter's view." *United States v. EES Coke Battery, LLC*, No. 22-11191, 2024 WL 3262593, at *2 (E.D. Mich. July 1, 2024).  If defendants fully answered the interrogatories, then the objections were meaningless.  Chrivia would not have needed to move to compel full answers, and the Court's time would not be wasted with having to address

those interrogatories.  *See Gov't Emps. Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, No. 6:16-CV-2077-Orl-28TBS, 2017 WL 1438426, at *5 (M.D. Fla. Apr. 24, 2017) ("Courts, including this one, have explained that producing documents notwithstanding objections preserves nothing and wastes the time and resources of the parties and the court." (Cleaned up)).

The Court will address a few specific interrogatories at issue.  In Interrogatory No. 10, directed to Hunter, he objected to identifying the location of handheld cameras due to security concerns.  ECF No. 52, PageID.330.  The Court sustains that objection.

Hunter also objects on relevance grounds to Interrogatory No. 11, which asks Hunter whether he has "faced disciplinary actions for any reason.  If so please describe."  *Id*.  Prior complaints against a corrections officer involving misconduct similar to that alleged here is relevant and discoverable regardless of whether the complaints were substantiated. *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 623 (E.D. Mich. 2019). Hunter must answer Interrogatory No. 11.

In Interrogatory No. 17, Chrivia asked whether Bartkowiak incurred any injuries from the August incident.  Bartkowiak objected that the request lacked relevance and was outside of the scope of discovery under Rule 26(b)(1).  *Id*., PageID.337.  Showing relevance is an "extremely low bar."

8

*In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014) (noting that Fed. R. Evid. 401 deems evidence relevant if it has "*any* tendency to make a fact more or less probable") (emphasis supplied in *In re Ford*).  That low bar is met here, as Bartkowiak reported that Chrivia had swung at him with a closed fist and otherwise resisted during the incident.  *Id*., PageID.339.  In his complaint, Chrivia alleges that defendants ordered him to stop resisting while he was handcuffed.  ECF No. 1, PageID.4-5.  If Bartkowiak sustained any injuries, that would make his report about what occurred more probable.  He must answer Interrogatory No. 17.

Finally, Bartkowiak objected to the relevance of Interrogatory No. 20, which asked about the potential consequences an MDOC employee would face if found to have used excessive force.  ECF No. 52, PageID.337.  The question about the potential consequences for using excessive force is relevant to whether Bartkowiak would have a motive to lie about the circumstances leading to the use of force.  *See Doe v. Baum*, 903 F.3d 575, 582 (6th Cir. 2018) (a party has a right to test a witness's "potential ulterior motives.").  Bartkowiak must answer Interrogatory No. 20.

### III.     Conclusion

The Court **GRANTS** Chrivia's motion and **ORDERS** that Bartkowiak and Hunter must fully answer Chrivia's interrogatories, except for Interrogatory No. 10 directed to Hunter, by **June 24, 2026**.

In *Peterson*, "the Court warn[ed] attorneys from the Michigan Department of Attorney General, Corrections Division, that it will begin imposing appropriate sanctions under Rule 26(g) when counsel signs discovery responses that violate that rule."  347 F.R.D. at 197.  Counsel for MDOC did not heed that warning.  If defendants fail to comply with this order, the Court warns them and their counsel that it will impose sanctions or recommend sanctions, which may include the entry of a default judgment.

Chrivia asks the Court to award him the "cost to prepare this motion to compel discovery and postage in the amount of $33.00."  ECF No. 52, PageID.317.  But he provided no statement of those costs or any proof that he incurred such costs.  He may submit that proof by **June 24, 2026**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 11, 2026

10

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

11