UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COREY CHRIVIA,<br><br>Plaintiff,<br><br>v.<br><br>KATLIN REED, *et al.*,<br><br>Defendants. | Case No. 25-11174<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL AND PLAINTIFF'S MOTION TO EXCLUDE HIS DEPOSITION FROM EVIDENCE (ECF NOS. 69, 71)**

Plaintiff Corey Chrivia, a prisoner proceeding pro se, sues seven Michigan Department of Corrections officials and an outside medical provider under 42 U.S.C. § 1983 and state law. ECF No. 1. The Honorable Denise Page Hood referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 23. Discovery in this case closed on August 17, 2026, and the dispositive motions deadline is September 17, 2026. ECF No. 49. On September 1, 2026, two weeks after the discovery deadline, Chrivia filed a second motion to compel, alleging several instances of perjury and violations under Federal Rule of Civil Procedure 26(g) stemming from responses given by Defendants

Hunter, Bartkoviak, Reed, Rickman, and Welch to Chrivia's sets of interrogatories. ECF No. 71.

The scheduling order expressly warned, "Unless good cause is shown, the Court will not entertain motions to compel that are filed after the discovery cutoff." ECF No. 49, PageID.288 n.1. That order aligns with a district court's discretion to deny discovery motions filed after the discovery deadline. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 621 (6th Cir. 2018) (collecting cases in which "courts have denied discovery motions filed after the close of discovery" and "[r]eviewing courts have also affirmed the denial of untimely motions to compel."). Chrivia does not show good cause for his late effort to compel discovery. The Court granted his earlier motion to compel and ordered defendants to fully answer his interrogatories by June 24, 2026. ECF No. 60, PageID.400. Chrivia does not explain why he waited until September 1, 2026, after discovery closed, to move to compel.

And Chrivia fails to identify deficiencies in the answers to interrogatories defendants served on him after the order granting his earlier motion to compel. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the

most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (cleaned up). Chrivia does question the accuracy of defendants' answers to interrogatories about safety shields, but a party may not challenge the truthfulness of interrogatory answers though a motion to compel. See *Robinson v. Newton*, No. 2:18-CV-00156, 2021 WL 12259476, at *2 (W.D. Mich. May 5, 2021) (collecting cases).

The Court therefore **DENIES** Chrivia's second motion to compel.

Chrivia also moves to exclude his deposition from evidence based on similar allegations of discovery misconduct by defendants under Federal Rule of Civil Procedure 30(a)(2). ECF No. 69. Nothing suggests that Chrivia's deposition is "clearly inadmissible on all potential grounds" as to warrant its exclusion from evidence at this premature stage. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

The Court therefore **DENIES** Chrivia's motion to exclude his deposition from evidence.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 23, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager